UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYRONE BLEDSOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-04077-JPH-MPB |
| ) | |
| MELISSA LAWRENCE, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

The Court entered final judgment in favor of the defendants and against plaintiff, Tyrone Bledsoe, on March 30, 2021. Dkt. 68; dkt. 69. Mr. Bledsoe has filed a motion for relief from judgment under Fed. R. Civ. P. 60(b). For the reasons below, Mr. Bledsoe's motion, dkt. [70], is **DENIED**.

**I. Background**

Mr. Bledsoe, an Indiana Department of Correction ("IDOC") inmate, filed this action pursuant to 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to his knee pain. Dkt. 1. Mr. Bledsoe's claims proceeded against medical defendants who were employed by Corizon Health, Inc. ("Corizon") and/or Wexford of Indiana, LLC ("Wexford"). Both sets of defendants filed dispositive motions. *See* dkt. 50; dkt. 56. Mr. Bledsoe did not file a response to either motion, though he received appropriate notice of his right to do so.[1] The Court granted the unopposed motions for summary judgment in the defendants' favor.

---

[1] The Court notes that the Wexford defendants served on Mr. Bledsoe a Notice Regarding Right to Respond and Submit Evidence in Opposition to Motion for Summary Judgment by U.S. First Class Mail on March 31, 2020. Dkt. 59. The Corizon defendants served on Mr. Bledsoe their motion for summary judgment and related filings, including memorandum, and supporting exhibits by U.S. First Class Mail on April 3, 2020. Dkt. 63.

Mr. Bledsoe does not contest that he received notice of the dispositive motions. Dkt. 70 at 1. Instead, he states that he did not respond because another inmate who was assisting him with the litigation "was not interested or downplayed the importance of responding to the summary judgment motion[s]." *Id.* at 2. Mr. Bledsoe claims that he did not understand what the dispositive motions were and that due to the pandemic, he was unable to conduct legal research because Westville Correctional Facility did not have a functional law library where he could consult with law clerks. *Id.* "So by default [Mr. Bledsoe] listened to the 'jailhouse lawyer' on the dorm who instructed him that a response wasn't needed or required." Dkt. 72 at 2. He now seeks an opportunity to respond to the motions.

## II. Legal Standard

Mr. Bledsoe cites Rule 60(b)—relief from a judgment or order—in support of his motion, but it was filed within 28 days after the entry of the judgment, implicating Rule 59(e)—motion to alter or amend judgment. The Court looks at "the substance, rather than the form, of a post-judgment motion [to] determine[] the rules under which it should be analyzed." *Obriecht v. Raemish*, 517 F.3d 489, 493-94 (7th Cir. 2008). Mr. Bledsoe's principal argument is that he failed to file a response to defendants' motions for summary judgment because he did not understand the importance of responding or the consequences of not responding. Rule 60(b) is the best fit for these arguments.

Under Rule 60(b), the Court may grant relief from final judgment for one of six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

\* \* \*; or
(6) any other reason that justifies relief.

*See* Fed. R. Civ. P. 60(b). "Rule 60(b)(6), as a residual catchall, applies only if the other specifically enumerated rules do not." *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). Although

the Court has "wide discretion" under Rule 60(b)(6), relief "is available only in extraordinary circumstances." *Id.* (internal quotations omitted).

### III. Discussion

Mr. Bledsoe does not identify which specific provision of Rule 60(b) entitles him to relief. But the arguments he presents are within the scope of (b)(1)—whether "mistake, inadvertence, surprise, or excusable neglect" occurred.

Inattentiveness to litigation is neglect, but not excusable. *Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020); *see Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (counsel's inattentiveness does not warrant Rule 60(b)(1) relief). Here, Mr. Bledsoe admittedly was aware of the dispositive motions. Indeed, he asked another inmate for help with them. Though he argues that pandemic-related challenges at the facility prevented him from filing a response, Mr. Bledsoe had ample opportunity to communicate those issues to the Court and seek any necessary extension of time to complete his response. Mr. Bledsoe's request to respond now is far belated—approximately one month after final judgment was rendered in this action and approximately one year after the motions for summary judgment were filed.

Mr. Bledsoe's arguments that he did not understand the importance of filing a response and that he mistakenly relied on bad advice from another inmate who told him it was not necessary, do not excuse him from managing the litigation that he alone initiated. *Cf. Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 706−07 (7th Cir. 2014) (holding, in a similar context, that "[t]he excusable-neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." (citation and quotation marks omitted)). Moreover, the defendants' notice that accompanied their motion for summary judgment was thorough and explicit as it: thoroughly apprised him of the next steps in the litigation; included a

copy of Fed. R. Civ. P. 56; explicitly warned him of the consequences of failing to respond to the motions; outlined when such response was due; and discussed how to seek additional time from the Court to file a response should an extension be needed. *See* dkt. 59 ("However, a failure to properly respond will be the same as failing to present any evidence in your favor at a trial."). Mr. Bledsoe either didn't read or simply ignored this notice.

Accordingly, Mr. Bledsoe has not shown excusable neglect such that he is entitled to relief under Rule 60(b)(1). And for the same reasons, he has not shown "extraordinary circumstances" that would warrant relief under the catch-all provision, Rule 60(b)(6). There's nothing extraordinary about Mr. Bledsoe having ignored what is spelled out in the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Indiana, and the notice served by the defendants.

### IV. Conclusion

Mr. Bledsoe's motion for relief from judgment, dkt. [70], is **DENIED**. This action remains closed.

**SO ORDERED.**

Date: 10/6/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TYRONE BLEDSOE
852009
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Adriana Katzen
BLEEKE DILLON CRANDALL ATTORNEYS
adriana@bleekedilloncrandall.com